BABST v. HARTZ

(October 5, 1925, Opinion and Decree)

(November 2, 1925, Rehearing Refused)

(December 4 1925, Writ of Certiorari and Review Granted.)

(June 2, 1926, See Decree Supreme Court.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Reconvention—Par. 2.**

A defendant in a promissory action cannot set up by way of reconventional demand a claim for specific performance of an agreement to sell real estate, the subject of the possessory action, the reconventional demand being neither incidental to nor necessarily connected with the main demand as required by Code of Practice Art. 375.

Appeal from the Civil District Court for the Parish of Orleans, Div. "A", Hon. H. C. Cage, Judge.

Action by Charles J. Babst against Mrs. Cora E. Hartz. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Francis P. Burns, of New Orleans attorney for plaintiff, appellee.

Charles Louque, of New Orleans attorney for defendant, appellant.

## OPINION

### ON THE MERITS

WESTERFIELD, J. The only question not disposed of in our opinion on the motion to dismiss is the propriety of the reconventional demand. In other words, can a suit for specific performance of an agreement to sell real estate be presented in the form of a reconventional demand in a suit for possession of real estate alleged to have been the subject of the agreement to sell?

Articles 374 and 375 C. P., read as follows:

Article 374: "The demand which the defendant institutes in consequence of that which the plaintiff has brought against him is termed a demand in reconvention."

Article 375: "In order to entitle defendant to institute a demand in reconvention, it is requisite that such demand, though different from the main action, be, nevertheless, necessarily connected with and incidental to the same, as for instance the demand instituted by the possessor in good faith against him who sues in order to evict him or for the purpose of obtaining the payment of the improvements made on the premises."

In this case the reconventional demand is neither incidental to nor necessarily connected with the main demand.

Plaintiff alleges himself to be the owner and defendant admits he was the owner of the property described in the petition, but defendants assert title to the property by reason of the agreement to sell and buy entered into between plaintiff and defendant. We have held that this agreement conveyed no title to defendant. Plaintiff's right to possession of the property is, therefore, absolute since it is not pretended that defendant's claim of the possession of the premises under any other authority.

If plaintiff has wrongfully declined to carry out his agreement to sell the property, he will be condemned to make title to the defendant, but we cannot prejudge his case. He is entitled to his day in court and in the meantime to the possession of his property. We know no law which authorizes defendant to retain possession of plaintiff's property until such time as their misunderstanding of their agreement shall be given judicial interpretation and decision. We are reminded that the law abhors a multiplicity of suits and we observe in reply that there are other things held in greater abhorance, the perpetration of an act of injustice for example.

For the reasons assigned, the judgment appealed from is affirmed.